# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Ronnie W. Wilson, ) | Civil Action No.: 0:17-cv-00461-JMC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden Bush, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 41), filed on October 16, 2017, recommending that the court grant Respondent's Motion for Summary Judgment (ECF No. 16), and dismiss Petitioner's Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) as untimely pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

The parties were advised of their right to file objections to the Report. (ECF No. 41 at 13.) However, neither party filed any objections to the Report.[1]

---

[1] The court notes that Petitioner filed a "Motion for Procedural Default Not to be Granted to Warden Bush", which was received by the Prison Mailroom on November 13, 2017 (ECF No. 46-1) and by the Clerk's Office on November 15, 2017. The Motion was styled as an objection to the Report (ECF No. 46), but all objections were due by November 2, 2017 (objections were due by

1

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. Petitioner has not shown that he has been pursuing his rights diligently or that some extraordinary circumstance exists that would entitle him to equitable tolling. (ECF No. 41 at 11.) Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 41) **GRANTING** Respondent's Motion for Summary Judgment (ECF No. 16). Petitioner's Petition (ECF No. 1) is **DISMISSED** as untimely pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Because the court dismisses Petitioner's Petition, his Motion for Copies and for Return of Videotape (ECF No. 50) is **MOOT**.

---

October 30, 2017, but an additional three days were added for mailing). Therefore, Petitioner's Objection is untimely. Moreover, Petitioner's objections are not specific in nature. *See* Fed. R. Civ. P. 72(b)(2)-(3).

# CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 28, 2017
Columbia, South Carolina